11WOODARD, Judge.
This is an action for the termination of parental rights. Darrell W. Phillips, Sr., (Phillips) is the biological father of R.L.P., who was born out of wedlock. Phillips was convicted of Indecent Behavior with a Juvenile for sexually molesting one of R.L.P’s half sisters. He was sentenced to serve seven years confinement. The State of Louisiana (the State) filed suit against Phillips to terminate his parental rights to R.L.P. Following a trial, the trial court terminated his parental rights, pursuant to La.Ch.Code art. 1015(6). We affirm.
FACTS
On March 13, 1995, R.L.P. was born. Her birth certificate records Kathy J. Peterson as mother and Phillips as father. Her parents were unmarried. On March 30, 1995, R.L.P. was removed from the custody of her parents and placed in state custody, as were her two half-siblings. On June 15, 1995, these children were adjudicated as 12children in need of care, as R.L.P. and her mother tested positive for cocaine at the time of R.L.P.’s birth.
After the children were removed, further investigation by the State discovered that Kyla Peterson, a half sibling of R.L.P., had been repeatedly sexually molested by Phillips and her mother. On May 14, 1996, Phillips was convicted of the offense of “Indecent Behavior with a Juvenile.” On May 22, 1996, the court sentenced him to serve seven years at hard labor. The conviction and sentence were affirmed on appeal.
By a judgment, signed on November 20, 1997, the court terminated the parental rights of R.L.P.’s mother, Kathy J. Peterson. On October 6, 1997, the State filed a petition in district court asking for the termination of Phillips’ parental rights in relation to R.L.P., pursuant to La.Ch.Code art. 1015(3) and (6). The matter was tried on May 6,1998. The State introduced into evidence a certified copy of the minutes of the court, establishing Phillips’ conviction and sentence. On July 16, 1998, the trial court issued its reasons for judgment and stated, in part:
The court finds that the state has proven by clear and convincing evidence the grounds for terminating the parental rights of Darrell Wayne Phillips, Sr. under Ch.C. Art. 1015, subsection 6 and there is no need to discuss subsection 3. Mr. Phillips was convicted and sentenced to seven years at hard labor for a sexual crime against a child in his own home. Incarcerated for seven years, Mr. Phillips will be unable to care for Rhea Lin Phillips for an extended period of time. Additionally, testimony was re *108 ceived by the Court from DSS/OCS that clearly shows Mr. Phillips failed to provide a reasonable plan for the appropriate care of Rhea Lin Phillips following his incarceration.
The trial court signed the judgment on August 19, 1998. Two days later, Phillips appealed this decision.
LAW
Mr. Phillips alleges that the trial court erred in holding that the State proved, by clear and convincing evidence, that he failed to provide a reasonable plan for the appropriate care of R.L.P. during the period of his incarceration.
In terminating Phillips’ parental rights, the trial court found that the State had met its required burden of proof, pursuant to La.Ch.Code art. 1015(6). It states:
The grounds for termination of parental rights are:
_k- • • •
(6) The child is in the custody of the department pursuant to a court order or placement by the parent; the parent has been convicted and sentenced to a period of incarceration of such duration that the parent will not be able to care for the child for an extended period of time; and despite notice by the department, the parent has refused or failed to provide a reasonable plan for the appropriate care of the child other than foster care.
There are two sub-issues regarding this article that are relevant for our decision in this case. The first concerns the “period of incarceration” and the second concerns Phillips’ refusal or failure “to provide a reasonable plan for the appropriate care of the child, other than foster care.”
The Period of Incarceration
Pursuant to La.Ch.Code art. 1036(E), a sentence of at least five years confinement raises a presumption that a parent is unable to care for the child. The proof of Phillips’ period of incarceration of seven years was evidenced by the certified records from the trial court. The proof is irrefutable.
His testimony that he would be released in eight months due to good time is not relevant for our purposes in determining his ability to care for the child. In determining the application of the presumption, we are only concerned with the period of time for which the defendant has been convicted. Nothing in the record establishes that his proof overcame the legal presumption that he was unable to care for the child because of his seven-year sentence.
A Plan for the Child
The trial court found that Phillips failed to provide the State with a plan for the child’s care or failed to provide an appropriate alternative to foster care. Phillips argued that the child could have been placed with his estranged wife, Ms. Wanda Phillips, or his younger sister, Ms. Worling Kittling. He provided the State with these names as possible caregivers for the child as a part of its evaluation of what would be in the best interest of the child.
LDedra Smith, the child’s foster care case manager, testified that she investigated placement for the child. She testified that she eliminated the persons suggested by Phillips for the following reasons. His estranged wife, Ms. Phillips, had a prior “agency history” involving Phillips and thus the Department of Social Service, through the Office of Community Service (DSS/OCS), decided to eliminate her from consideration. Phillips’ younger sister, Ms. Kittling, was eliminated as she was only nineteen, just starting college, and would be away from home with no family support. The State chose not to pursue placement with Phillips’ relatives simply because it would not be in the best interest of the child.
The State proved by clear and convincing evidence that Phillips failed to provide DSS/OCS a viable plan for the child’s care. The trial court’s factual finding that *109 Phillips failed to provide a plan for the child’s care is not manifestly erroneous or clearly wrong and will not be overturned by this court. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). The proof in this case met the legal requirements of La.Ch.Code art. 1015(6) in order to terminate the parental rights of Phillips to his biological daughter, R.L.P.
CONCLUSION
The trial court did not err in terminating the parental rights of Phillips to his biological daughter, R.L.P. The decision of the trial court is affirmed. Phillips is cast with the costs of this appeal.
AFFIRMED.